UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-mj-2253-McAliley

UNITED STATES OF AMERICA

v.

THOMAS DANIELS,

      Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014? _____ Yes __X__ No

                                          Respectfully submitted,

                                          ARIANA FAJARDO ORSHAN
                                          UNITED STATES ATTORNEY

By: _____
                                          Elena Smukler
                                          Assistant United States Attorney
                                          Fla. Bar No. 91025
                                          99 Northeast 4th Street
                                          Miami, FL. 33132-2111
                                          Tel: (305) 961-9444
                                          Elena.Smukler@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 20-mj-2253-McAliley |
| THOMAS DANIELS, | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 14, 2020__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2119(1) | Carjacking |
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm and Ammunition by a Conviction Felon |
| 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) | Brandishing and Discharging a Firearm |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Andres E. Rodriguez, ATF Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __Feb. 20, 2020__

_____
*Judge's signature*

City and state: __Miami, Florida__         Chris M. McAliley, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your Affiant, Andres E. Rodriguez, being duly sworn, deposes and states as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Task Force Officer for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") currently assigned to ATF Miami Field Division, Group Two. I have been a law enforcement officer for over twenty years, and have been detached to ATF for approximately thirteen (13) years. As part of my duties, I investigate violent crimes, including Hobbs Act Robberies and other violations of federal law. I have received training on the proper investigative techniques for these violations. I have also conducted and assisted in fugitive and violent crime investigations. I have been a law enforcement officer with the City of Homestead Police for over twenty (20) years, and currently hold the rank of detective.

2. I respectfully submit that there is probable cause to believe that on February 14, 2020, Thomas Daniels ("DANIELS") (1) did, with the intent to cause death and serious bodily harm, take a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, in violation of Title 18, United States Code, Section 2119(1), (2) did knowingly possess a firearm and ammunition in and affecting interstate commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1), and (3) did use and carry a firearm during and in relation to a crime of violence, did knowingly possess a firearm in furtherance of a crime of violence, and did brandish and discharge said firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and (iii).

3. The statements contained in this affidavit are based on my personal knowledge as well as information relayed to me by other law enforcement officers and witnesses present on

scene. I have not included in this affidavit each and every fact known to me. Rather, I have included only those facts that I believe are necessary to establish probable cause for the issuance of a criminal complaint against DANIELS for the above-described criminal violations.

## PROBABLE CAUSE

4. On February 14, 2020, at approximately 8:40 p.m., a male, later identified as DANIELS, approached a 2010 Honda Civic (hereinafter "the Vehicle"), which was parked in front of the Supreme Tow/MIA Auto Recovery lot, located at 139 SW 3rd Avenue in Homestead, Florida. DANIELS was captured on video surveillance from the business attempting to open the driver's side door of the Vehicle; however, the Vehicle was locked. The remainder of this incident was also captured on the business's video surveillance cameras.

5. DANIELS then walked away from the Vehicle, opened the gate to the business, and entered the business lot. DANIELS approached Victims O.R. and R.P., who are employees of the business, and brandished a firearm. DANIELS then shot Victim O.R. in the neck, causing O.R. to fall to the ground. DANIELS walked over to O.R. and pulled off his necklace and bracelet and took his cellular phone.

6. Victim R.P., who was in fear for his life, ran away. DANIELS ran after R.P. and shot him twice. DANIELS demanded that R.P. give him everything. R.P. complied and gave DANIELS his car keys. DANIELS ran back to the front of the business, used the keys given to him by R.P. to enter the Vehicle, and fled in the Vehicle.

7. Homestead Police responded to the scene and the Victims were transported to the hospital. DANIELS, who is a thin black male with short dreads, can be seen on the recording wearing a hooded sweater with white drawstrings and a "U.S. Polo horse" brand symbol on the chest.

8. On February 15, 2020, at approximately 9:00 a.m., DANIELS entered South Dade Jewelry and Gun Exchange located at 20848 South Dixie Highway in Miami, Florida and pawned a gold necklace and bracelet, in exchange for $1,500. DANIELS provided identification to the pawn shop clerk, identifying himself as "Thomas DANIELS." Law enforcement obtained video surveillance from the pawn shop. I reviewed the video and the individual captured on the pawn shop video surveillance who identifies himself as DANIELS matches the description of DANIELS as seen in the surveillance video from February 14, 2020. Photographs of the necklace and bracelet that DANIELS pawned were shown to Victim O.R., who identified the property as belonging to him.

9. On February 15, 2020, Victim R.P. was shown a photographic line up including a photograph of DANIELS. Victim R.P. pointed to the picture of DANIELS, as well as to another photograph in the line up, and ultimately stated that he was not sure.

10. On February 16, 2020, officers encountered DANIELS in Homestead, Florida. DANIELS, a thin black male with short dreads, was wearing a hooded sweater with white drawstrings and a "U.S. Polo horse" symbol on the chest --- the same clothing as he is seen wearing in the video from February 14, 2020. A photograph of DANIELS was taken by law enforcement on February 16, 2020.

11. On February 16, 2020, a photographic line up was shown to O.R., which included the photograph of DANIELS taken on February 16, 2020. The "U.S. Polo horse" symbol was removed. Victim O.R. identified DANIELS as the person who shot him and took his Vehicle.

12. A criminal records check indicated that DANIELS has multiple prior felony convictions.

3

13. The Vehicle taken by DANIELS on February 14, 2020 was transported, shipped, and received in interstate and foreign commerce.

## CONCLUSION

14. Based upon the information provided above, I respectfully submit that probable cause exists that THOMAS DANIELS (1) did, with the intent to cause death and serious bodily harm, take a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, in violation of Title 18, United States Code, Section 2119(1), (2) did knowingly possess a firearm and ammunition in and affecting interstate commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1), and (3) did use and carry a firearm during and in relation to a crime of violence, did knowingly possess a firearm in furtherance of a crime of violence, and did brandish and discharge said firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and (iii).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Respectfully submitted,

_____
Task Force Officer Andres E. Rodriguez
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn before me
this 20 day of January 2020.

_____
HONORABLE CHRIS M. MCALILEY
UNITED STATES MAGISTRATE JUDGE

4